UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAZMIK GABRIELIAN,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY
DETENTION CENTER,

Respondent.

No.  1:25-CV-01976-DJC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, and after retaining counsel, a motion for temporary restraining order, ECF No. 9.

Petitioner, a foreign citizen of Armenia, entered the United States on September 26, 2026, and "[s]hortly after entry," Petitioner was detained by the Department of Homeland Security (DHS) and released on parole subject to Alternative to Detention (ATD). ECF No. 9, pg. 2. Petitioner asserts that he complied with ATD requirements, has no criminal history, and has not been determined a danger to the community or a flight risk. See id. at 2-3. Petitioner applied for asylum and was placed into removal proceedings. See id. at 3. Petitioner asserts he was denied due process when he was re-detained on June 1, 2025, without notice or a pre-deprivation bond hearing. See id.; see ECF No. 1, pg. 9.

/ / /

1

Respondents filed a joint motion to dismiss petition for writ of habeas corpus, response to petition for writ of habeas corpus, opposition to preliminary injunction, and opposition to temporary restraining order. See ECF No. 6. The District Judge ordered Respondents to show cause why the Court should not grant the motion for temporary restraining order, specifically directing Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Singh v. Andrews, No. 1:25-cv-01543-DJC-SCR; Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK; Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD. See ECF No. 10. The District Judge also ordered Respondents to state whether they oppose this Court converting the motion for temporary restraining order to a motion for preliminary injunction. See id.

Respondents filed a response to the order to show cause where they did not oppose converting the motion for temporary restraining order to a motion for preliminary injunction and acknowledged that there are no factual or legal issues in this case that render it distinct from the Court's prior orders. See ECF No. 11, pg. 1. On January 21, 2026, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion for preliminary injunction because Respondent conceded "that there are no factual or legal issues in this case that render this case distinct from the prior cases . . . and for the reasons stated in the orders in those prior cases." ECF No. 13. The Court ordered:

> [1] Respondents are ORDERED to immediately release Petitioner Razmik Gabrielian from their custody.
>
> [2] Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
>
> [3] Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.
>
> ECF No. 13.

/ / /

/ / /

2

The matter was referred to the undersigned for further proceedings. The undersigned has evaluated the petition, the motion to dismiss, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 13, and in other cases, see Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK, that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the motion to dismiss be denied, and the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the motion to dismiss, ECF No. 6, be DENIED and the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 30, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3